MHN

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

MICHAEL KOLOWSKI, )
 )
    Plaintiff, )
 )
  v. ) No. 07 C 4964
 )
BLATT, HASENMILLER, LEIBSKER & )
MOORE, LLC, )
 )
    Defendant. )

## OPINION AND ORDER

  Plaintiff Michael Kolowski alleges that defendant Blatt, Hasenmiller, Leibsker & Moore, LLC, a law firm, violated the Fair Debt Practices Act ("FDCPA"), 15 U.S.C. § 1692 et seq., and state consumer fraud statutes when it brought a lawsuit to confirm an arbitration decision that Kolowski owed a credit card debt to the issuer of the credit card. Plaintiff alleges that filing a confirmation lawsuit violated sections 1692e(2) and 1692f(1) of the FDCPA because the statute of limitations for filing such a lawsuit had already expired. Defendant moves to dismiss the FDCPA claim on the ground that the statute of limitation for the confirmation suit had not expired. With the FDCPA claim

dismissed, the supplemental state law claims would be dismissed for lack of subject matter jurisdiction. See 28 U.S.C. § 1367(c)(3).

There is no dispute that it is adequately alleged that plaintiff is a consumer, defendant is a debt collector, and that the confirmation lawsuit was an attempt to collect a debt. Section 1692e(2)(A) prohibits using a false, deceptive, or misleading representation in connection with the collection of a debt, in particular: "[t]he false representation of the . . . . legal status of any debt." Section 1692f(1) prohibits a debt collector from using unfair or unconscionable means to collect or attempt to collect a debt, in particular "[t]he collection of any amount . . . unless such amount is . . . permitted by law." Bringing an untimely lawsuit to collect a debt may violate both of these provisions. See Parkis v. Arrow Fin. Serv., LLC, 2008 WL 94798 *6-8 (N.D. Ill. Jan. 8, 2008); Ramirez v. Palisades Collection LLC, 2007 WL 4335293 *2 (N.D. Ill. Dec. 5, 2007); Almand v. Reynolds & Robin, P.C., 485 F. Supp. 2d 1361, 1363-65 (M.D. Ga. 2007); Goins v. JBC & Assoc., P.C., 352 F. Supp. 2d 262, 272 (D. Conn. 2004); Kimber v. Federal Fin. Corp., 668 F. Supp. 1480, 1487-88 (M.D. Ala. 1987). A number of cases indicate that a violation of the FDCPA in this circumstance requires that the debt collector know or should have known that

the lawsuit was time barred, that a contention that the lawsuit was not time barred be frivolous, or that the debt collector failed to conduct a reasonable inquiry regarding the timeliness of the lawsuit. See Simmons v. Miller, 970 F. Supp. 661, 665 (S.D. Ind. 1997); Jenkins v. General Collection Co., ___ F. Supp. 2d ___, 2008 WL 474340 *5, 7 (D. Neb. Feb. 15, 2008); Baptist v. Global Holding & Inv. Co., L.L.C., 2007 WL 1989450 *5 (E.D.N.Y. July 9, 2007); Almand, 485 F. Supp. 2d at 1364-65, 1367; Goins, 352 F. Supp. 2d at 272; Kimber, 668 F. Supp. at 1488. These cases, however, generally are summary judgment cases in which the § 1692k(c)[1] bona fide error affirmative defense is also being considered.

The Seventh Circuit has held that violations of sections 1692e(2) and 1692f(1) are judged by an objective standard with intent or knowledge on the part of the defendant not being an element of such violations. Turner v. J.V.D.B. & Assoc., 330 F.3d 991, 995-97 (7th Cir. 2003).[2] Unless sufficient facts to

---

[1] "A debt collector may not be held liable in any action brought under this subchapter if the debt collector shows by a preponderance of evidence that the violation was not intentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error." 15 U.S.C. § 1692k(c).

[2] On a motion to dismiss, it still could be considered whether the unconscionability requirement of § 1692f can be satisfied when it would be nonfrivolous to contend the

resolve it are alleged in the complaint, the § 1692k(c) affirmative defense (which does involve intent and knowledge) cannot be raised on a motion to dismiss. See id. at 995-96. While it may very well be that, on summary judgment, this case could be readily resolved on the bona fide error defense, that issue is not before the court. Instead, the motion to dismiss turns on the question of whether the confirmation suit was timely, regardless of whether the law as to the applicable statute of limitations was clear or not. If the confirmation suit was untimely, then, objectively, filing that lawsuit was a false representation as to the legal status of the debt and an attempt to collect a debt that was not permitted by law.

According to the Complaint, the arbitration award in the creditor's favor was entered on October 19, 2004. More than a year later, on September 5, 2006, the confirmation suit was filed in the Circuit Court of the Tenth Judicial Circuit, Peoria County, Illinois. Section 9 of the Federal Arbitration Act ("FAA") provides in part: "If the parties in their agreement have agreed that a judgment of the court shall be entered upon

---

confirmation suit was timely. Cf. Turner, 330 F.3d at 997. Defendant, however, does not raise such a contention. Arguably, a legal claim being nonfrivolous would be an objective standard that might preclude a claim. Defendant also makes no argument to that effect.

the award made pursuant to the arbitration, and shall specify the court, then at any time within one year after the award is made any party to the arbitration may apply to the court so specified for an order confirming the award, and thereupon the court must grant such an order unless the award is vacated, modified, or corrected as prescribed in sections 10 and 11 of this title. If no court is specified in the agreement of the parties, then such application may be made to the United States court in and for the district within which such award was made." 9 U.S.C. § 9.

Courts are divided as to whether or not the one-year provision in § 9 is a mandatory statute of limitations for seeking confirmation under the FAA, or a permissive provision. The Fourth and Eighth Circuits have held that the one-year period referred to in the statute is permissive. See Sverdrup Corp. v. WHC Constructors, Inc., 989 F.2d 148 (4th Cir. 1993); Val-U Const. Co. of S.D. v. Rosebud Sioux Tribe, 146 F.3d 573, 581 (8th Cir. 1998).[3] The Sixth Circuit held in an unpublished decision that the one-year period is permissive. Wachovia Sec.,

---

[3] In dictum in a later case, the Eighth Circuit incorrectly cites Val-U as holding that the FAA has a one-year limitation period for seeking confirmation of an arbitration award.

- 5 -

Inc. v. Gangale, 125 F. App'x 671, 676 (6th Cir. 2005).[4] The Second Circuit has held that it is a mandatory statute of limitations. Photopaint Tech., LLC v. Smartlens Corp., 335 F.3d 152, 155-60 (2d Cir. 2003). Defendant notes that there is no Seventh Circuit case that has addressed this issue. However, since the confirmation suit was filed in an Illinois state court, the pertinent controlling authority is the law that Illinois courts would have applied when the confirmation lawsuit was filed.[5] Defendant cites two unpublished Illinois circuit court cases which reach opposing conclusions--one follows the reasoning in Sverdrup and the other follows the reasoning in Photopaint.[6]

---

[4]Unpublished Sixth Circuit cases, including ones issued prior to 2007, are citable but not precedential. See 6th Cir. R. 28(g), 206(c); United States ex rel. Bledsoe v. Community Health Sys., Inc., 501 F.3d 493, 506-07 (6th Cir. 2007); Willis v. Lafler, 2007 WL 3121542 *32 (E.D. Mich. Oct. 24, 2007). In Wachovia, 125 F. App'x at 676, the Sixth Circuit alternatively held that the complaint for confirmation was filed within a year because the last day of the one-year period fell on a Saturday and the complaint was filed on the following Monday.

[5]Illinois courts are not bound to follow Seventh Circuit interpretations of federal law. While a Seventh Circuit decision on federal law will be carefully considered by Illinois courts, the Seventh Circuit decision still must be persuasive and will be accorded less deference when there is a split among the federal circuits. See Bowman v. American River Transp. Co., 217 Ill. 2d 75, 838 N.E.2d 949, 958 ( 2005); Ramette v. AT & T Corp., 351 Ill. App. 3d 73, 812 N.E.2d 504, 511-12 (1st Dist. 2004). Compare also Melena v. Anheuser-Busch, Inc., 219 Ill. 2d 135, 847 N.E.2d 99 (2006).

[6]Illinois circuit court decisions are not reported in any searchable database and have no precedential value, only whatever


Neither the Illinois circuit court cases nor the parties cite any Illinois precedential decisions that would suggest Illinois law favors one viewpoint or the other. Therefore, in predicting which view the Illinois court would have applied, it is a matter of determining which viewpoint is most persuasive.

For the following reasons, it is believed that Illinois courts would hold that the one-year period set forth in § 9 of the FAA is permissive. The starting point is the language of the statute. Ordinarily "may" is used to state permissive rules. See United States v. Rogers, 461 U.S. 677, 706 (1983); Cortez Byrd Chips, Inc. v. Harbert Constr. Co., 529 U.S. 193, 198-99 (2000); Photopaint, 355 F.3d at 156-57; Sverdrup, 989 F.2d

---

persuasive value they may be accorded. See Delgado v. Board of Election Comm'rs of Chicago, 224 Ill. 2d 481, 865 N.E.2d 183, 188 (2007); Village of Northbrook v. Cannon, 61 Ill. App. 3d 315, 377 N.E.2d 1208, 1213 (1st Dist. 1978). The case holding that the one-year period is a mandatory statute of limitations was decided prior to the September 2006 filing of the confirmation suit against Kolowski. By itself, this decision has little persuasive value since it simply noted the split among federal circuits and, without discussion, adopted the reasoning of Photopaint. See MBNA America Bank, N.A. v. Hansen, No. AR 1207, at 1-2 (Cir. Ct. 16th Jud. Dist., Kane County, Ill. July 25, 2006). The other decision was issued after September 2006. This decision extensively discusses the issue. Applying the same basic reasoning as Sverdrup, it is concluded that the one-year limitation is permissive. It is also held that the five-year limitation period of 735 ILCS 5/13-205 instead applies. Additionally, this decision rejects the reasoning of Photopaint and MBNA America Bank, N.A. v. Rogers, 838 N.E.2d 475 (Ind. App. 2005). See MBNA America Bank, N.A. v. Landeros, No. 05 L 13872, 2-6 (Cir. Ct. Cook County, Ill. Nov. 2, 2006).

151. This is especially true when mandatory language ("must") is used elsewhere in § 9, as well as in § 12 of the FAA. Sverdrup, 989 F.2d at 151 ("Congress was cognizant of the difference in meaning between 'may' and 'must' and intended that the term 'may' be construed as permissive."). Still, use of "may" is not conclusive of congressional intent to make a provision permissive. Cortez Byrd, 529 U.S. at 198. While use of "may" generally implies some degree of discretion, that implication can be defeated by indications of legislative intent to the contrary or by obvious inferences from the structure and purpose of the statute. Id. (quoting Rodgers, 461 U.S. at 706). Here, the language of § 9 is also consistent with the time period being mandatory. If not mandatory, the "at any time within one year" language of § 9 is rendered superfluous, which goes against a basic rule of statutory construction. Photopaint, 335 F.3d at 157-58; Sverdrup, 989 F.2d at 151. No decision can be made based on § 9's language alone, which is ambiguous. Photopaint, 335 F.3d at 158 (mandatory construction "is not inevitable"); Sverdrup, 989 F.2d at 151; General Elec. Co. v. Anson Stamping Co., 426 F. Supp. 2d 579, 583 (W.D. Ky. 2006).

The purpose and structures of the FAA better support that the one-year period stated in § 9 is permissive, not mandatory. Sverdrup, 989 F.2d at 152-57; Teresa L. Elliott, Conflicting

Interpretations of the One-Year Requirement on Motions to Confirm Arbitration Awards, 38 Creighton L. Rev. 661, 677-87 (2005). Applying the permissive reading is consistent with the venue provision of the FAA being read as permissive. See Cortez Byrd, supra. A permissive reading also allows for at least as much time as confirmation proceedings under the Convention on the Recognition and Enforcement of Foreign Arbitral Awards, 9 U.S.C. § 207, which is also part of the FAA and provides that confirmation "may" be applied for within three years after an arbitral award. See Elliott, 38 Creighton L. Rev. at 692-83. More importantly, treating the provision as permissive is consistent with the policy behind the FAA of supporting arbitration, allowing it to be speedy and not subject to delay and obstruction in the courts, and promoting judicial economy. See Prima Paint Corp. v. Flood & Conklin Mfg. Co., 388 U.S. 395, 404 (1967); Melena, 847 N.E.2d at 103; Hutcherson v. Sears Roebuck & Co., 342 Ill. App. 3d 109, 793 N.E.2d 886, 895 (1st Dist. 2003); Sverdrup, 989 F.2d at 155. Applying a mandatory one-year limitation period is likely to increase the number of confirmation lawsuits that parties will find necessary to file, thus increasing the expense of arbitration and placing an extra burden on courts. Rather than wait longer for the losing party to voluntarily comply with the arbitration award, many winning

parties would find it necessary to seek confirmation to avoid losing the possibility of being able to enforce the award. Sverdrup, 989 F.2d at 155-56. A one-year limitation period might also encourage a losing party to delay compliance in the hope that the winning party would fail to timely recognize what it needed to do to protect its ability to enforce the award. Photopaint, 335 F.3d at 158-60, takes the view that a mandatory reading encourages judicial economy and finality by forcing the parties to promptly seek confirmation and enforcement. That ignores, however, that such promptness may come at the cost of fostering litigation which causes its own delays as well as additional expenses and burdens. The Sverdrup reasoning is found to be more consistent with the purposes and policies behind the FAA. It is predicted that the Illinois courts would hold that the one-year period contained in § 9 of the FAA is permissive.

Since the limitation period was permissive, the confirmation suit that defendant Blatt, Hasenmiller filed on behalf of its client was timely and thus not a false representation of the legal status of the debt nor an attempt to collect a debt that was not permitted by law. Therefore, plaintiff fails to allege a violation of the FDCPA.[7] The federal

---

[7]It is unnecessary to consider defendant's alternative argument that the confirmation lawsuit was timely under

cause of action will be dismissed with prejudice and the supplemental state law claims will be dismissed without prejudice.

IT IS THEREFORE ORDERED that defendant's motion to dismiss [12] is granted. The Clerk of the Court is directed to enter judgment in favor of defendant and against plaintiff dismissing plaintiff's cause of action with prejudice except that plaintiff's supplemental state law claims are dismissed without prejudice for lack of subject matter jurisdiction.

ENTER:

William T. Hart
UNITED STATES DISTRICT JUDGE

DATED: MARCH 20, 2008

---

Illinois's Uniform Arbitration Act ("UAA"), 710 ILCS 5. Thus, it is unnecessary to consider whether an Illinois court complaint that refers only to the FAA could be construed by the Illinois courts as a request to confirm pursuant to the UAA. It also makes it unnecessary to consider whether an arbitration agreement which expressly states it is governed by the FAA is limited by any statute of limitations that is contained in the FAA even if the FAA itself does not preempt state arbitration laws.